UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID SAINVAL,

    Petitioner,

-vs-                                                          Case No. 8:16-cv-607-T-02CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

David Sainval, a Florida prisoner, initiated this action for habeas corpus relief pursuant to 28 U.S.C. Section 2254 (Dkt. 1). Upon consideration of the petition, the court ordered Respondent to show cause why the relief sought in the petition should not be granted (Dkt. 5). Thereafter, Respondent filed a response in opposition to the petition (Dkt. 8).

Mr. Sainval alleges one ground for relief in his petition:

> Trial counsel rendered ineffective assistance of counsel for failing to object to the charging information which alleged the offenses of burglary and theft not being in compliance with Florida law thereby waiving any challenge to the invalid information without Defendant's knowledge (Dkt. 1, p. 6).

## I. PROCEDURAL HISTORY

Mr. Sainval was convicted by a jury of burglary of a dwelling and theft (Respondent's Ex. 1, record pp. 41-42). He was sentenced to 15 years in prison to be followed by 10 years probation on the burglary conviction and time served on the theft conviction (Id., record pp. 73-83). His convictions and sentences were affirmed on appeal (Respondent's Ex. 3).

He filed a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal

Procedure, in which he raised seven grounds for relief (Respondent's Ex. 5). Ground 1 was summarily denied, and the state post-conviction court directed the State to respond to Grounds 2 through 7 (Respondent's Ex. 6, record pp. 96-102). After the State responded, an evidentiary hearing was held on Grounds 1 through 7 (Respondent's Ex. 7). The motion was thereafter denied (Respondent's Ex. 8), and the denial affirmed on appeal (Respondent's Ex. 9).

Mr. Sainval thereafter filed his federal habeas petition in this court (Dkt. 1).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts

2

in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B. Ineffective Assistance of Counsel Standard

Claims of ineffective assistance of counsel are analyzed under the test set forth in *Strickland* v. *Washington*, 466 U.S. 668 (1984), which requires a petitioner to demonstrate both deficient performance by counsel and resulting prejudice. Demonstrating deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Additionally, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

The petitioner must demonstrate that counsel's alleged errors prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To show prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

If a claim of ineffective assistance of counsel can be resolved through one of the *Strickland* test's two prongs, the other prong need not be considered. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998)

("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds.").

**C. Exhaustion of State Remedies and Procedural Default**

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. See § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845.)

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its' prisoners federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State. . .if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt*, 348 F.3d at 1358. The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

5

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 *U.S.C. § 2254(b)(1); Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means

factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

## III. ANALYSIS

Mr. Sainval contends that counsel was ineffective in failing to move to dismiss the charging Information on the ground that the Information was invalid because the assistant state attorney failed to obtain "legally sufficient" sworn testimony from a material witness before signing the Information. He argues that although the assistant state attorney had transcripts of taped statements from the victim and a witness to the offense, those statements were inadequate under Florida law because the individual, Detective Christopher Meltzer, who administered the oath to the victim and the witness before they gave their statements was not authorized to administer oaths under Florida law.

In state court Mr. Sainval raised this claim in Ground 1 of his Rule 3.850 motion (Respondent's Ex. 5, record pp. 22-28). In denying the claim, the state post-conviction court stated:

> In response to claim 1, the Court finds the claim is legally meritless. Specifically, Rule 3.140(g), Fla. R. Crim. P., requires an *Information* be "signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense." The *Information* filed in this case meets this requirement and is, therefore, not improper.

(Respondent's Ex. 6, record p. 97). On appeal, the claim was not raised in Mr. Sainval's Initial Brief (Respondent's Ex. 9 - Initial Brief).

### A. The claim is procedurally barred from review

To obtain appellate review of this claim in state court, Mr. Sainval was required to raise and fully address the merits of the issue in his Initial Brief. See Rule 9.141(b)(3)(C), Fla. R.App. P. He therefore

7

failed to invoke Florida's established appellate review process as to this claim. Consequently, he failed to exhaust his state remedies with regard to this claim. *See Cortes v. Gladish*, 216 Fed.Appx. 897, 899–900 (11th Cir.2007) (unpublished) ("had Cortes received an evidentiary hearing [on issues raised in his 3.850 motion], his failure to address issues in his appellate brief would constitute a waiver"); *Khianthalat v. Sec'y, Dep't of Corr.*, 2017 WL 9285601, at *4 (11th Cir. Dec. 20, 2017) (concluding that ineffective assistance of trial counsel claims raised in state Rule 3.850 motion but not argued on post-conviction appeal were procedurally barred from federal habeas review).

Any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, because the Florida rule requiring submission of an appellate brief bars Mr. Sainval from returning to state court to challenge the denial of this claim in a second appeal of the denial of the Rule 3.850 motion, see Rule 9.141(b)(3)(C), Fla. R.App. P. And any further attempt to raise the claim in another Rule 3.850 motion would be subject to dismissal as untimely and successive. See Rule 3.850(b), (h), Fla.R.Crim.P.

His failure to assert this claim on post-conviction appeal results in the default of this claim. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir.1979) (stating that exhaustion of a claim raised in a Rule 3.850 motion includes an appeal from the denial of the motion). He makes none of the requisite showings to excuse his procedural default. The default therefore bars federal habeas review of this claim.

### B. The claim fails on the merits

Even if the claim were not procedurally barred from review, it would fail on the merits.[1] Rule

---

[1] Neither the state post-conviction court nor the state appellate court adjudicated on the merits Mr. Sainval's claim that the testimony received by the assistant state attorney was inadequate under Florida law. Accordingly, this court's consideration of the claim is necessarily *de novo*. *See Porter v. McCollum*, 558 U. S. 30, 39 (2009) (*de novo* review of the allegedly deficient performance of petitioner's trial counsel was necessary because the state courts had failed to address this prong of *Strickland* analysis). *See also Berghuis v. Thompkins*, 560 U. S. 370, 390 (2010) (federal courts can deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA

3.140(g), Fla.R.Crim.P., provides, in pertinent part, that

> An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense.

Mr. Sainval does not argue that the Information was not signed under oath by the assistant state attorney. Nor does he argue that the assistant state attorney did not receive testimony under oath from a material witness before signing the Information (see Respondent's Ex. 1, record pp. 21-22). Rather, he contends that the witness testimony the assistant state attorney received was not "legally" adequate under Florida law because the oath sworn to by the witnesses was administered by a law enforcement officer, and law enforcement officers are not authorized to administer oaths under Florida law. The court disagrees.

Under Florida law, law enforcement officers *are* authorized to administer oaths "when engaged in the performance of official duties." *Gupton v. Dep't of Highway Safety*, 987 So. 2d 737, 738 (Fla. 5th DCA 2008) (citing Section 117.10, Florida Statutes). Detective Meltzer was performing an "official duty" when taking statements from the victim and witness regarding the crime (see Respondent's Ex. 5, record pp. 58-67). Accordingly, he was authorized under Florida law to administer the oaths to the victim and the witness. Their sworn statements therefore were sufficient "testimony under oath" on which the assistant state attorney could rely for purposes of Rule 3.140(g). *See State v. Hartung*, 543 So. 2d 236, 237 (Fla. 5th DCA 1989) ("the testimony of [the material witness upon which charges are based] may be sworn to before anyone authorized to administer oaths and their testimony under oath may be given out of the presence of the state attorney or his designated assistant, and that sworn testimony documented or evidenced stenographically or electronically in the form of affidavits, depositions, video

---

deference applies, because a habeas petitioner will not be entitled to habeas relief if his claim is rejected on *de novo* review).

tapes, magnetic tapes, or otherwise, and the evidence of the sworn testimony of such material witnesses may be 'received' and considered by the state attorney or his designated assistant who may then properly certify that he has 'received testimony under oath from the material witness or witnesses for the offense' as provided in Florida Rule of Criminal Procedure 3.140(g).").

Because Mr. Sainval has failed to demonstrate that a motion to dismiss the Information would have been successful, counsel cannot be deemed deficient in failing to move to dismiss the Information. Accordingly, Mr. Sainval's ineffective assistance of counsel claim does not warrant federal habeas relief.

Any of Mr. Sainval's allegations not specifically addressed herein are without merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**. The **Clerk** shall enter judgment accordingly and close this case.

2. A Certificate of Appealability (COA) is **DENIED** in this case because Mr. Sainval cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And because he is not entitled to a COA, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on _____10/29_____, 2018.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copies to: Petitioner *pro se*; Counsel of Record